### WILLIAM J. BAKER vs. EDGAR SPRUANCE.

1. TROVER AND CONVERSION—NATURE OF ACTION—"TROVER".

"Trover," in substance, is a remedy to recover personal chattels wrongfully converted by another to his own use.

2. TROVER AND CONVERSION—ELEMENTS OF ACTION.

In order to entitle plaintiff to recover in trover, he must prove property in himself and a right of possession at the time of conversion and conversion of the property by defendant to his own use.

3. TROVER AND CONVERSION—DAMAGES.

The measure of damages in an action for trover and conversion is the value of the property at the time of the taking and conversion.

4. TRIAL—CONFLICTING EVIDENCE—DUTY TO RECONCILE.

Where evidence is conflicting, it is the jury's duty to reconcile it if possible; otherwise to give credit to that which in the jury's opinion is entitled to the most credit, considering the bias, prejudice, or interest that the witnesses may have in the outcome of the case.

(*April* 30, 1914.)

Judges BOYCE and CONRAD sitting.
*Charles H. Le Fevre* for plaintiff.
*James M. Satterfield* for defendant.
Superior Court, Kent County, April Term, 1914.

ACTION OF TROVER (No. 17, February Term, 1914) by William J. Baker against Edgar Spruance. Verdict for plaintiff.
The facts appear in the charge to the jury.

CONRAD, J., charging the jury:

Gentlemen of the jury:—This is an action of trover, brought by the plaintiff William J. Baker, against the defendant, Edgar Spruance, wherein the plaintiff claims the value of certain personal property which he alleges was wrongfully taken from him by the defendant.

[1] Trover, in substance, is a remedy to recover the value of personal chattels wrongfully converted by another to his own use.

It is admitted in this case that the plaintiff was the tenant of the defendant of a certain farm in Blackbird Hundred in New Castle County in this state for one year from March 1, 1913, and plaintiff claims that in addition to the farm rented to him under a verbal agreement, that the defendant left on the farm certain live stock, consisting in part of four cows, thirty-two ewes and one ram—that the number of ewes was increased by the addition of twelve ewes during the tenancy, that the plaintiff was to receive the milk from the cows, and the defendant was to receive the increase from the cows, that plaintiff was to receive one-half of the lambs that were dropped by the ewes.

On the part of defendant the above recited facts are admitted with the exception that defendant contends, that the plaintiff was to receive one-half of the lambs, if the lambs were dropped during the tenancy but if the lambs were not dropped until after the tenancy expired, then only one-quarter of the lambs. Further, defendant claims that he was to be at liberty to remove the above stock from the farm if disagreements arose between him and the plaintiff, or if he failed to properly care for the stock; and still further the defendant claims that he was notified by the plaintiff to remove his stock from the farm. The plaintiff denies that he so notified the defendant, either in person or by another, and plaintiff claims that he properly cared for the stock while in his possession.

[2] To entitle the plaintiff to recover in an action of trover he must prove (1) property in himself and a right of possession at the time of the conversion, and (2) a conversion of the property by the defendant to his own use. The matter of the taking and

conversion of the property in this case is admitted by the defendant, so that the one question left for your determination is whether the defendant at the time of taking the property had the right of possession under the agreement of lease with the plaintiff, or was requested to remove the stock from the premises.

If you are satisfied from the evidence that defendant reserved to himself the right to take back or remove the stock if disagreements arose between him and the plaintiff in the course of the tenancy, or if, as defendant claims, the plaintiff failed to properly care for the stock and if that fact has been established by the evidence, or if the witnesses have convinced you that plaintiff notified defendant to remove his stock from the premises, then defendant would be entitled to a verdict.

[3] If on the other hand the evidence produced on the part of the plaintiff satisfies your minds that he was in the rightful control and possession of the stock under the agreement of lease, and thereby entitled to possess and enjoy them during the continuance of the tenancy; and that plaintiff did not consent to or direct their removal, then plaintiff should be given a verdict, and the measure of damages is the value of the property at the time of the taking and conversion, not exceeding the sum of one hundred and forty-seven dollars and fifty cents, the amount claimed by him.

The real matter for your consideration is the scope and meaning of the verbal agreement between the parties, and this you must determine from the preponderance of the evidence in the case.

[4] Where evidence is conflicting, as in this case, it is your duty to reconcile it, if you can, but if you cannot do that, you should give credit to that evidence which in your opinion is entitled to the most credit, taking into consideration the bias, prejudice, or interest that the parties and witnesses may have in the outcome of the case.

Verdict for plaintiff.